UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL SECURITY AND FIRE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANK CHARLES YANEZ, *et al.*, <br><br> Defendants. | No. 2:17-cv-00844-TLN-CKD <br><br> **ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT** |

This matter is before the Court on Duggan Law Corporation's ("DLC") Motion for Leave to Withdraw as Counsel for Defendant and Cross-Complainant Frank Charles Yanez. (ECF No. 30.) No opposition has been filed. For the reasons set forth below, the Court hereby GRANTS DLC's motion.

Pursuant to Local Rule 182, an attorney who has appeared before the Court may not withdraw and leave the client *in propria persona* "without leave of court upon noticed motion and notice to client and all other parties who have appeared." L. R. 182(d). The attorney must also provide an affidavit with the current or last known address of the client and his or her efforts to notify the client of the motion to withdraw. *Id.* California Rule of Professional Conduct 3-700(A) provides that an attorney shall not withdraw from employment in a proceeding unless (1) he or she requests permission from the tribunal to withdraw and (2) he or she "has taken

1

reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." CAL. RULES OF PROF'L CONDUCT R. 3-700(A). Attorneys cannot request a withdrawal unless the client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" or "breaches an agreement or obligation to the member as to expenses or fees." CAL. RULES OF PROF'L CONDUCT R. 3-700(C). District courts have discretion to decide whether to permit counsel to withdraw. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).

Christina M. Bucci, one of the DLC attorneys representing Mr. Yanez, provided a signed declaration stating DLC seeks to withdraw because Mr. Yanez has violated the written retainer agreement by failing to cooperate during the action and by failing to pay invoices. (ECF No. 30 at 4.) Ms. Bucci detailed attempts made to contact Mr. Yanez to inform him of DLC's intent to withdraw unless communication and compliance improved. (ECF No. 30 at 2, 7–8.) DLC argues Mr. Yanez has made it "unreasonably difficult" to serve "effectively." (ECF No. 30 at 4.) Further, DLC has shown that withdrawal will not cause delay and that continued representation of Mr. Yanez may harm efficiency given the breakdown in their relationship. (ECF No. 30 at 5.) Ms. Bucci has provided the Court with Defendant's last known address. (ECF No. 30 ¶ 16.)

DLC's motion and the declaration of Christina M. Bucci satisfy the requirements of Local Rule 182(d) and California Rules of Professional Conduct 3-700(A) and (C). The parties are still at a relatively early point in the litigation, and no delay or prejudice will result from DLC's withdrawal. *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *4 (E.D. Cal. Jan. 14, 2009.)

Accordingly, the Court hereby GRANTS DLC's Motion for Leave to Withdraw as Counsel, (ECF No. 30). Pursuant to Local Rule 302, this matter is referred to the magistrate judge. L.R. 302(c)(21).

IT IS SO ORDERED.

Dated: November 28, 2018

Troy L. Nunley
United States District Judge