UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNIVERSAL SECURITY AND FIRE, INC.,

        Plaintiff,

    v.

ALPHA ALARM & AUDIO, INC. and FRANK CHARLES YANEZ,

        Defendants,

No. 2:17-cv-00844-TLN-CKD

**ORDER**

This matter is before the Court on Defendant Alpha Alarm & Audio, Inc.'s ("Defendant") Motion for Summary Judgment.[1]  (ECF No. 35.)  Plaintiff Universal Security and Fire, Inc. ("Plaintiff") filed an opposition.  (ECF No. 37.)  Defendant replied.  (ECF No. 38.)  For the reasons set forth below, the Court DENIES Defendant's Motion for Summary Judgment.

///

///

///

---

[1]    Defendant Frank Charles Yanez does not join in the instant motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Defendant's alleged acquisition and use of confidential information related to Plaintiff's efforts to secure potential customers.  (ECF No. 1 ¶¶ 14, 17–18.)  Plaintiff filed this action on April 21, 2017, alleging against Defendant violation of the Federal Defend Trade Secrets Act (18 U.S.C. § 1836(b)), violation of the California Uniform Trade Secrets Act (California Civil Code § 3426), unfair business practices in violation of California Business and Professions Code § 17200, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage.  (*Id.*)  On June 30, 2017, the Court issued a preliminary injunction pursuant to the parties' stipulation, enjoining Defendant from further acquisition, use, or disclosure of Plaintiff's trade secrets and confidential, proprietary information, including customer identification, bid opportunities, fire alarm designs, and Plaintiff's bidding information.  (ECF No. 17.)  Defendant filed the instant motion for summary judgment on May 5, 2019.  (ECF No. 35.)

## II.   STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute,

the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id*. at 251–52.

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is enough that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Federal Rule of Civil Procedure ("Rule") 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at 587.

///

3

1    III.    **ANALYSIS**

2        Defendant argues it is entitled to summary judgment because Plaintiff is barred from

3    presenting evidence of damages at trial for failing to supplement its initial disclosures pursuant to

4    Rule 37(c)(1).  (ECF No. 35 at 1–2, 6.)  In opposition, Plaintiff argues it has established damages

5    through the deposition testimony of Defendant's person most knowledgeable ("PMK"), Loren

6    Dougherty.  (ECF No. 37 at 2.)  Defendant replies by again arguing Plaintiff failed to comply

7    with the continuing disclosure obligation under Rule 26(e) and noting Plaintiff does not provide

8    any justification for its failure.  (ECF No. 38 at 2–3.)  The Court will first determine whether

9    Plaintiff violated Rule 26 before evaluating whether the Rule 37 sanction is appropriate.

10        A.    Failure to Disclose or Supplement under Rule 26

11        Defendant argues Plaintiff failed to comply with Rule 26 because it did not provide a

12    computation of each category of its damages in its initial disclosures, nor did Plaintiff supplement

13    those disclosures.  (ECF No. 35 at 1–2, 5–6.)  Consequently, Defendant requests the Court bar

14    Plaintiff from presenting evidence of damages at trial under Rule 37(c)(1).  (*Id.*)  Plaintiff argues

15    in opposition it could not disclose a computation of damages because evidence of the extent of

16    Defendant's wrongdoing was solely in the possession of Defendant and Defendant refused to

17    produce the documents containing that information to Plaintiff.  (ECF No. 37 at 4.)  Nevertheless,

18    Plaintiff contends it obtained evidence of damages through the deposition testimony of

19    Defendant's PMK.  (*Id.* at 4, 7–9.)

20        In federal court, litigants must disclose to the opposing party the likely location of

21    discoverable information, documents supporting the litigants' claims or defenses, a computation

22    of damages, and copies of insurance information without awaiting a discovery request.  Fed. R.

23    Civ. P. 26(a)(1)(A)(i)–(iv).  This disclosure obligation is ongoing.  Fed. R. Civ. P. 26(e)(1)(A).  A

24    party need not supplement its initial disclosures if the additional or corrective information has

25    been otherwise made known to the other parties during the discovery process or in writing.  *Id.*

26    The purpose of the disclosure requirements is to accelerate the exchange of basic information

27    about the case and eliminate the time and effort involved in requesting such information.  *Id.*,

28    advisory committee's note to 1993 amendment.  "As a general matter, disclosing a computation

4

1   of damages under Rule 26(a) is necessary for the opposing party to produce responding evidence,

2   such as an expert report."  *EEOC v. GLC Rests., Inc.*, No. CV05-618 PCT-DGC, 2007 WL

3   30269, *9 (D. Ariz. Jan. 4, 2007); *see also Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No.

4   Civ. 04-2791 TPG DF, 2006 WL 1788946, *14 (S.D.N.Y. June 28, 2006) ("[E]arly disclosure of

5   a party's damages computation provide[s] [the] opposing party with an early understanding of the

6   basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery

7   as to the underpinning of such a claim." (internal quotation marks omitted)).

8          Although Plaintiff formally disputes all the facts listed in Defendant's Statement of

9   Undisputed Material Facts submitted in support of Defendant's summary judgment motion (ECF

10  No. 37-2), Plaintiff does not contend it provided a damages calculation in its initial disclosures or

11  in a supplement thereto.  (*See* ECF No. 37.)  Defendant offers the declaration of its attorney,

12  Jeremy Schroeder, in support of its motion.  (ECF No. 35-2.)  Mr. Schroeder states Plaintiff's

13  initial disclosures did not contain a damages computation, Plaintiff did not supplement the

14  disclosures, and Plaintiff's response to Defendant's request for production of documents did not

15  reveal evidence of damages.  (ECF No. 35-2 ¶¶ 3–5.)[2]  Plaintiff offers the declaration of its

16  attorney, Omair Farooqui, to which the deposition testimony of Loren Dougherty, Defendant's

17  PMK, is attached.  (ECF No. 37-1.)  Plaintiff seems to misconstrue the basis of Defendant's

18  motion as asserting Plaintiff does not have sufficient evidence of damages to prevail on its claims

19  at trial.  (*See* ECF No. 37 at 2 ("Contrary to [Defendant's] assertion in its motion, [Plaintiff] has

20  established . . . computable evidence of its . . . damages.").)  Instead, as stated, the basis of

21  Defendant's motion is that whatever evidence of damages Plaintiff possesses has not been

22  disclosed to Defendant pursuant to Rule 26(e).

23         Alternatively, Plaintiff's focus on Mr. Dougherty's deposition testimony could be

24  construed as an argument the testimony satisfied the exception in Rule 26(e)(1)(A) that parties

25  need not supplement their initial disclosures if the additional or corrective information has

26

27  [2]       Defendant also purports to include a true and correct copy of Plaintiff's initial disclosures
    as an attachment to Mr. Schroeder's declaration.  (*Id.* at ¶ 3.)  The attached disclosures are
28  Defendant's, not Plaintiff's.  (ECF No. 35-3.)

1    otherwise been made known to the other parties during the discovery process.  Fed. R. Civ. P.

2    26(e)(1)(A).  Plaintiff asserts it seeks $13,800 in unjust enrichment damages and $7,020 in actual

3    loss damages for its federal and state trade secrets claims.  (ECF No. 37 at 8–9.)  To establish

4    these figures, Plaintiff admits it must "extrapolate[e] from [Mr. Dougherty's] testimony" and

5    perform a "quick calculation."  (*Id.*)  Plaintiff argues Mr. Dougherty's testimony established

6    Defendant used Plaintiff's employee to prepare designs for prospective customers — the

7    foundation of Plaintiff's action — on thirteen occasions.  (*Id.* at 7–8.)  However, Plaintiff asserts

8    it seeks unjust enrichment damages for only three of the thirteen occasions.  (*Id.* at 8.)  Plaintiff

9    argues Mr. Dougherty's testimony additionally established the value of Defendant's trade secret

10   misappropriation at $540 per design.  (*Id.* at 8–9.)  Plaintiff multiplies the $540 figure by the

11   thirteen occasions to reach $7,020.  (*Id.*)  To support these figures and calculations, Plaintiff cites

12   twenty pages of deposition testimony.  (*Id.* at 7–9.)

13        Plaintiff is apparently capable of calculating its damages and provides no explanation why

14   Defendant should be required to sift through Mr. Dougherty's deposition testimony to guess

15   which portions Plaintiff intends to claim at trial and under which theory.  *See Estate of Gonzalez*

16   *v. Hickman*, No. 05-cv-00660 MMM (RCx), 2007 WL 3237635, at *5 (C.D. Cal. June 28, 2007)

17   ("Defendants were entitled to know plaintiffs' assumptions concerning these various

18   computational criteria . . . and to rebut them . . . .").  Therefore, Plaintiff has failed to comply with

19   Rule 26(a)(1)(A)(iii) and 26(e)(1)(A).

20        B.    Sanctions under Rule 37

21        Defendant argues Plaintiff's failure to comply with the disclosure requirements of Rule 26

22   require the Court bar Plaintiff's use of undisclosed evidence of damages at trial pursuant to Rule

23   37(c)(1).  (ECF No. 35 at 5–6.)  Without the ability to prove damages, Defendant argues, Plaintiff

24   cannot prove an essential element of each of its claims.  (*Id.*)  Plaintiff does not address the Rule

25   37 sanctions or their application at the summary judgment stage.  (*See* ECF No. 37.)

26        Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26 "by forbidding the

27   use at trial of any information required to be disclosed by Rule 26(a) or (e) that is not properly

28   disclosed."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

                                                    6

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.* Absent a showing by the party facing sanction that either of the two exceptions apply, Rule 37 is "a strong inducement for disclosure of material." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (quoting *Yeti*, 259 F.3d at 1106).

In both *Yeti* and *Hoffman*, the Ninth Circuit explicitly stated a district court is not required to make a finding of willfulness or bad faith before imposing the Rule 37 sanction, even when the result is the dismissal of the plaintiff's entire cause of action. *Yeti*, 259 F.3d at 1106 ("Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded.") (citing *Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)); *Hoffman*, 541 F.3d at 1180 (quoting *Yeti*, 259 F.3d at 1106). However, shortly thereafter, the Ninth Circuit distinguished this language as dicta, holding where a "sanction amounted to a dismissal of a claim, the district court [is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and also to consider the availability of lesser sanctions" as part of the harmlessness inquiry required under Rule 37(c)(1). *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 & n.1 (9th Cir. 2012). Even under *R&R Sails*, it is within the discretion of the district court whether to grant summary judgment in favor of a defendant when: (1) the plaintiff has failed to comply with Rule 26; (2) the Rule 37 sanction precludes the plaintiff from proving an essential element of its claim; and (3) the court has made the requisite findings of harm and lack of justification. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741–42 (9th Cir. 2021).

Although Plaintiff has entirely failed to carry its burden to show harmlessness under *Yeti* and its progeny, the Court hesitates to dismiss Plaintiff's entire action for a number of reasons. First, neither party makes an effort to grapple with the *Yeti-R&R Sails* line of cases. (*See* ECF Nos. 35, 37, 38.) Defendant's motion is premised on a single, nonbinding district court order. (ECF No. 35 at 5 (citing *Colombini v. Members of the Bd. of Dirs. of Empire Coll. Sch. of Law*, No. C9704500CRB, 2001 WL 1006785 (N.D. Cal. Aug. 17, 2001)).) Second, Defendant failed to include evidence of Plaintiff's allegedly inadequate initial disclosures other than a single sentence

1    in a declaration by its attorney, which is accompanied by the demonstrably false statement that a

2    copy of Plaintiff's disclosures is attached.  (ECF No. 35-2 ¶ 3.)  Third, although Defendant

3    submitted Plaintiff's discovery responses and objections as an attachment to Mr. Schroeder's

4    declaration, it did not include the documents Plaintiff provided in connection with those

5    responses to show Plaintiff failed to comply with Rule 26(e).  (*See* ECF No. 35-4 at 5–12.)  These

6    failures are offset somewhat by Plaintiff's abdication of its burden and implicit admission it did

7    not comply with Rule 26, but if the Court were to grant Defendant's requested relief, it would be

8    precluding resolution on the merits on extremely limited evidence.  Fourth, there is no discussion,

9    much less evidence, with which the Court may determine whether Plaintiff willfully or in bad

10   faith violated the disclosure requirements.

11           More importantly, it seems clear there is no harm to Defendant's ability to muster a

12   defense to Plaintiff's damages claim.  Although fact discovery closed December 31, 2018 (ECF

13   No. 27 at 2), Plaintiff asserts its entire recovery is premised on the testimony of Defendant's

14   PMK, to whom Defendant presumably has had access to prepare a defense since the inception of

15   this action.  (ECF No. 37 at 4, 7–9.)  Furthermore, Plaintiff has laid out its damages calculations

16   in detail in its briefing on the instant motion.  (*See id.*)  Although that fact does not justify

17   Plaintiff's failure to comply with the Federal Rules after invoking federal jurisdiction, it does

18   lessen the harm to Defendant, especially given that a trial date has yet to be set.  Defendant may

19   ensure Plaintiff presents no additional, undisclosed evidence of damages at trial through

20   exclusionary motions in limine.  *See, e.g.*, *Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-CV-

21   0046-KJM-CKD, 2018 WL 1871414, at *10–12 (E.D. Cal. Apr. 19, 2018).

22           Therefore, the Court declines to impose the first sanction in Rule 37(c)(1).  However, as

23   the Court has already determined Plaintiff failed to comply with the disclosure requirements

24   under Rule 26(a) and (e), Defendant may move for alternative sanctions under Rule 37(c)(1)(A)–

25   (C), including the fees incurred in litigating the instant motion and any subsequent motion

26   Defendant may file under Rule 37.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir.

27   1993) (describing the requirements for seeking fees as sanctions under Rule 37(d)).

28   / / /

1

**IV.    CONCLUSION**

2          For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Summary

3 Judgment.  (ECF No. 35.)  The parties are ORDERED to file a Joint Status Report within thirty

4 (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial

5 and proposing trial dates.

6          IT IS SO ORDERED.

7 **DATED:  December 6, 2021**

8

9

10                                                Troy L. Nunley
                                                  United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28